823 P.2d 82

**Thomas DAY, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MARICOPA, The Honorable Joseph D. Howe, a judge thereof, Respondent Judge.**

**STATE of Arizona, ex rel., Richard M. ROMLEY, Maricopa County Attorney, and Tim Mattfedt, Real Parties in Interest.**

**No. 1 CA–SA 91–060.**

Court of Appeals of Arizona,
Division 1, Department D.

May 14, 1991.

Review Denied Feb. 4, 1992.

Dean W. Trebesch, Maricopa County Public Defender by James P. Cleary, Deputy Public Defender, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Jessica Gifford Funkhouser, Deputy County Atty., Phoenix, for real parties in interest.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Div., Phoenix, for respondent.

## OPINION

VOSS, Judge.

Petitioner Thomas Day has been charged with theft, a class 4 felony. Petitioner sought to depose the alleged victim pursuant to Rule 15.3, Arizona Rules of Criminal Procedure. The victim elected not to give petitioner a pretrial interview, asserting § 2.1(A)(5) of the Victim's Bill of Rights. The trial judge thereafter denied petitioner's motion for deposition of the victim. Petitioner files this petition for special action, seeking review of the trial court's order. Because this case solely involves questions of law and is of statewide importance, we accept jurisdiction, but deny relief.

The Victim's Bill of Rights provides in part:

SECTION 2.1 (A) To preserve and protect victims' rights to justice and due process, a victim of crime has a right:

\* \* \* \* \* \*

5. To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

\* \* \* \* \* \*

11. To have all rules governing criminal procedure and the admissibility of evidence in all criminal proceedings protect victims' rights and to have these rules be subject to amendment or repeal by the legislature to ensure the protection of these rights.

Petitioner's primary argument appears to be that application of § 2.1(A)(5) contravenes the supreme court's holding in *Slayton v. Shumway*, 166 Ariz. 87, 800 P.2d 590 (1990), as it affects rules of criminal procedure not related solely to victim's rights and thereby violates the separation of powers doctrine. *Slayton v. Shumway* held that the rulemaking provision of § 2.1(A)(11) "deals only with procedural rules pertaining to victims and not with the substantive general subject of the rulemaking power." *Id.* at 92, 800 P.2d at 595. Thus, Proposition 104, the Victim's Bill of Rights, did not violate the single subject rule which prohibits combining dissimilar provisions in an initiative proposal. *Id.* The supreme court did state that transferring all rulemaking power to the legislature would involve separation of powers; however, it held that § 2.1(A)(11) merely provides the mechanism to protect rights created by the Victim's Bill of Rights. The court identified subsections 1–10 as creating those procedural rights.

Petitioner contends that the application of § 2.1(A)(5) of the Victim's Bill of Rights abrogates Rule 15.3 because if a victim asserts a right to refuse to grant a defendant a pretrial interview, the defendant will be precluded from deposing a material witness pursuant to Rule 15.3. Petitioner argues that this result affects the Rules of Criminal Procedure in a manner not condoned or contemplated by the court in *Slayton v. Shumway*. We disagree.

Rule 15.3 provides:

a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

(1) A party shows that the person's testimony is material to the case and that there is a substantial likelihood that he will not be available at the time of trial;

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview; or

(3) A witness shows that he is incarcerated for failure to give satisfactory security that he will appear to testify at a trial or hearing.

Rule 15.3 permits a trial judge to exercise discretion to order the deposition of a material witness in certain circumstances. The Victim's Bill of Rights precludes the trial court from ordering the deposition of a victim who has indicated an unwillingness to be interviewed. The court retains its authority to order the depositions of other material witnesses in the specified circumstances. Thus, although the court's authority is limited by the Victim's Bill of Rights, Rule 15.3 is not abrogated, and the impact is solely related to protecting rights created by the Victim's Bill of Rights. The supreme court recognized and approved this result in *Slayton v. Shumway.*

Petitioner initially contended that application of § 2.1(A)(5) violates his right to a fair trial and due process of law. As petitioner abandoned this argument at the oral argument of this case, we do not reach it. We note, however, that this argument has recently been rejected in *State v. Warner*, 168 Ariz. 261, 812 P.2d 1079 (App.1990) (petition for review pending).

SHELLEY and GRANT, JJ., concur.