844 P.2d 1165

STATE of Arizona, ex rel. Frederick S. DEAN, City Attorney for the City of Tucson, Plaintiff/Appellant,

v.

The CITY COURT OF the CITY OF TUCSON, the Honorable Emery K. Labarge, a Magistrate thereof; and Arlis SCRITCHFIELD, Real Party in Interest, Defendants/Appellees.

No. 2 CA–CV 91–0161.

Court of Appeals of Arizona, Division 2, Department B.

April 30, 1992.

Review Denied Feb. 17, 1993.*

---

Frederick S. Dean, Tucson City Atty. by R. William Call, William F. Mills, Tucson, for plaintiff/appellant.

Reed Palmer, Tucson, for defendants/appellees.

## OPINION

DRUKE, Judge.

### STATEMENT OF THE CASE

The state appeals from the superior court's denial of its petition for special action in which it argued that the subpoena of the alleged victim to a pretrial hearing violated the victim's rights pursuant to Ariz. Const. art. II, § 2.1, commonly known as the Victims' Bill of Rights.

* Corcoron, J., of the Supreme Court, voted to grant review.

## QUESTIONS PRESENTED

Two issues are presented for review: Does this appeal present an issue that is ripe for adjudication; and does the Victims' Bill of Rights preclude the subpoena of the alleged victim to a pretrial hearing to determine probable cause?

## FACTS AND PROCEDURAL BACKGROUND

In November 1990 the appellee was cited for criminal damage in violation of A.R.S. § 13–1602. Appellee moved to dismiss, alleging that the police lacked probable cause to arrest. The magistrate court set the motion for hearing, to which the appellee subpoenaed the alleged victim.

The state moved to quash,[1] maintaining that the Victims' Bill of Rights precludes the subpoena of a victim to such a hearing. The magistrate refused to quash the subpoena and the state sought special action relief in the superior court. It denied relief, holding that "the defense has the right to call the alleged victim at a probable cause hearing, and it is the Magistrate's decision to terminate the probable cause hearing when the Magistrate determines probable cause has been established." We have jurisdiction of the state's appeal pursuant to A.R.S. § 12–2101(B).

## DISCUSSION

■ We address first appellee's argument that this appeal does not present an issue ripe for adjudication because the victim has not yet been "interviewed." We disagree. The issue here is whether the Victims' Bill of Rights prohibits the pretrial subpoena of a victim. Because a subpoena legally compels both an appearance as well as testimony, we believe its issuance to the alleged victim creates a justiciable case and controversy. *Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); *Planned Parenthood Ass'n v. Nelson,* 327 F.Supp. 1290 (D.C.Ariz.1971).

The primary issue in this appeal is whether the Victims' Bill of Rights precludes the trial court from ordering the alleged victim to appear and testify at a pretrial hearing on a motion to dismiss for lack of probable cause. The state argues that the purpose of enacting the Victims' Bill of Rights was to spare victims from all exposure to adversarial contact with defendants or their attorneys until the time of trial and asserts that the appellee is trying to circumvent this purpose by subpoenaing the alleged victim to the pretrial hearing.

■ In interpreting the scope of the Victims' Bill of Rights, we are required to follow and apply the plain language of this new constitutional amendment. *Knapp v. Martone,* 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992). In so doing, we find nothing in the amendment, either express or implied, which supports the state's argument that victims have an absolute right not to be exposed to contact with defendants or their attorneys until the time of trial.

■ Additionally, we find nothing in the Victims' Rights Implementation Act, A.R.S. §§ 13–4401 through 13–4437, which permits an alleged victim to refuse to appear or testify at pretrial hearings. While the Act provides certain safeguards to protect the alleged victim's privacy and to minimize the victim's contacts with the defendant, the Act impliedly recognizes that a victim may appear and testify at a proceeding other than a trial. A.R.S. § 13–4434(C) states that a "victim has a right at any court proceeding not to testify regarding the victim's address, telephone numbers, place of employment or other locating information. . . ." While subsection (C) gives alleged victims the right not to testify as to locating information, it does not give the victim the absolute right not to testify at court proceedings. The Act does not define "court proceeding." However, it does define "criminal proceeding" to mean: "a hearing, argument or other matter scheduled by or held before a trial court, but does not include a deposition, lineup, grand

---

1. The record establishes that the state has met the requirements of A.R.S. § 13–4437(C), which provides that "[a]t the request of the victim, the prosecutor may assert any right to which the victim is entitled."

jury proceeding or other matter not held in the presence of the court." *See* A.R.S. § 13–4401(7). It is thus apparent our legislature understood that an alleged victim might be called to court proceedings, such as here, but enunciated limitations to protect the victim's privacy.

 The state also argues that the appellee's subpoena is simply a ruse designed to circumvent the alleged victim's right to refuse discovery requests. The state contends that the Victims' Bill of Rights guarantees the alleged victim the right to refuse to be called to testify at the pending pretrial hearing, relying for its conclusion on subsection (5) of the Victims' Bill of Rights, which grants victims the right "[t]o refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." While subsection (5) has been interpreted to preclude trial courts from ordering the deposition of an alleged victim who has indicated an unwillingness to be interviewed by the defendant, it has not been interpreted to permit victims to refuse to testify at court proceedings. *Knapp v. Martone, supra; State v. O'Neil,* 172 Ariz. 180, 836 P.2d 393 (Ct.App.1991); *Day v. Superior Court,* 170 Ariz. 215, 823 P.2d 82 (Ct.App.1991); *State v. Warner,* 168 Ariz. 261, 812 P.2d 1079 (App.1990).

■ We are also unpersuaded by the state's argument that appellee is violating the alleged victim's right to refuse an interview by using the pretrial hearing as a subterfuge to "interview" the victim on the stand. In *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975), the court made it clear that pretrial hearings are not to be used for purposes of discovery. Further, while permitting the alleged victim to be subpoenaed to a pretrial hearing may allow the appellee access to certain pretrial discovery not otherwise obtainable, any examination of the witness will be conducted in the presence of the court, which has the inherent power to ensure that the alleged victim is afforded the rights guaranteed by the Victims' Bill of Rights.

DISPOSITION

While the Victims' Bill of Rights offers crime victims many protections, they are not insulated from being required to appear and testify at court proceedings such as the probable cause hearing in the instant case. A right cannot be asserted that does not exist. By ordering the alleged victim to appear, the magistrate observed the appellee's right to due process without violating the victim's right to refuse an interview, deposition or other discovery request. We affirm.

FERNANDEZ, P.J., and HATHAWAY, J., concur.