908 P.2d 10

STATE of Arizona, Petitioner,

v.

Robert David BLACKMON, Respondent.

No. 1 CA–CR 94–0748–PR.

Court of Appeals of Arizona, Division 1, Department E.

Aug. 17, 1995.

Review Denied Dec. 19, 1995.

Richard M. Romley, Maricopa County Attorney by Diane E.W. Gunnels, Deputy County Attorney, Phoenix, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for respondent.

## OPINION

KLEINSCHMIDT, Presiding Judge.

The State filed this petition seeking review of the trial court's decision to grant the Defendant's petition for post-conviction relief.

The substantive issue is whether the Defendant had the right to cross-examine the victim at his sentencing hearing. The victim made an unsworn statement at the hearing as she had a right to do under the Victim's Bill of Rights, Article 2, section 2.1 of the Arizona Constitution. The trial judge refused to let the Defendant cross-examine the victim. Later, when the Defendant reargued his position in a petition for post-conviction relief, the same judge became convinced that the Defendant should have been given the opportunity to cross-examine the victim. He accordingly, and correctly, granted the petition for post-conviction relief.

The Defendant pled guilty to two counts of attempted sexual assault in September 1993. The charges arose out of the Defendant's having forced his wife, from whom he was separated, to have sex with him. Prior to his sentencing hearing, the Defendant moved to excise portions of the presentence report and requested the opportunity to cross-examine his wife as to statements she made that were included in the presentence report. During the hearing on this motion, the issue of whether the victim was going to testify at the sentencing hearing arose. The Defendant wanted to cross-examine the victim if she testified at the sentencing hearing. The court ruled that if the State called the victim to testify and she was sworn, the Defendant could cross-examine her, but if the victim chose to make a statement on her own pursuant to the Victim's Bill of Rights without being sworn, the Defendant could not cross-examine her. At the sentencing hearing, the victim made an unsworn statement, and the Defendant was not permitted to cross-examine her.

After the Defendant was sentenced to five years in prison and five years probation, he filed a petition for post-conviction relief. He argued that the trial court violated his right to due process of law in refusing to allow him to cross-examine the victim. He asserted that the Victim's Bill of Rights does not prohibit a defendant from calling the victim of the crime to testify at a presentence hearing, or that even if it does, it could not override his right to due process.

The trial judge issued a comprehensive minute entry in which he noted that prior to the adoption of the Victim's Bill of Rights, the law was that a defendant had a due process right to question victims who testified at presentence hearings. He cited *State v. Asbury*, 145 Ariz. 381, 701 P.2d 1189 (App. 1984), for this proposition. The judge noted that nothing in the Victim's Bill of Rights seemed to abolish this right, and in at least one case that was decided after the passage of the Victim's Bill of Rights, the court had required a victim to testify at a preliminary hearing. *See State ex rel. Dean v. City Court of City of Tucson*, 173 Ariz. 515, 516, 844 P.2d 1165, 1166 (App.1992). The judge concluded that the Victim's Bill of Rights did not preclude the Defendant from calling the victim to testify at the hearing, and thus, the rule in *Asbury* still applied. The judge also noted that a defendant's due process right would be paramount to any rights of a victim not to testify, citing *State ex rel. Romley v. Superior Court*, 172 Ariz. 232, 236, 836 P.2d 445, 449 (App.1992).

The State seeks review, arguing that *Asbury* is not applicable because it was decided before the Victim's Bill of Rights was enacted and that *Dean* is not applicable because it involved pretrial proceedings rather than sentencing. The State points out that the Victim's Bill of Rights allows the victim to "present evidence, information and opinions that concern the criminal offense, the defendant, the sentence or the need for restitution at any aggravation, mitigation, presentencing or sentencing proceeding...." Ariz.Rev. Stat.Ann. ("A.R.S.") § 13-4426 (West Supp. 1994). It argues that the legislature intended to allow victims to present information and opinions on their own behalf without being subject to cross-examination. In other words, the legislature would not have provided for "evidence, information and opinions" if it did not intend to make a distinction between a victim's presenting evidence and a victim's providing information and opinions. Thus, the State argues that *Asbury* applies only if the victim is sworn and presents evidence, but if the victim presents information and opinions without being sworn, no cross-examination should be allowed.

Contrary to the State's position, *Asbury* applies to this case despite the fact that it was decided prior to the enactment of the Victim's Bill of Rights. In *Asbury*, the victims were not called to testify by either party, but simply addressed the court on their own behalf under former A.R.S. section 13–702(F) (1989), a pre-Victim's Bill of Rights statute. 145 Ariz. at 384, 386, 701 P.2d at 1192, 1194. Like the Victim's Bill of Rights, A.R.S. section 13–702(F) allowed victims to "present evidence and express opinions concerning the crime, the defendant or the need for restitution." *Id.* at 386, 701 P.2d at 1194. Although it is not clear whether the victims in *Asbury* were sworn, the court ruled that "basic concepts of fairness, justice and impartiality mandate that the defendant be allowed, at an aggravation and mitigation hearing, to cross-examine the victims in order to bring out mitigating circumstances." *Id.* We agree with the trial judge that, regardless of whether the victim testifies under oath or makes an unsworn statement, the principle of *Asbury* applies, and the Defendant should have been allowed to cross-examine the victim.

We need not decide whether the Victim's Bill of Rights precludes a defendant from compelling a victim to testify and be cross-examined at a presentencing hearing should the trial judge find such testimony relevant to the proceeding. *See Dean,* 173 Ariz. at 516, 844 P.2d at 1166. That conclusion was not essential to the trial judge's ruling because the victim in this case appeared and communicated with the court voluntarily.

Accordingly, we affirm the trial court's order granting the petition for post-conviction relief.

GARBARINO and WEISBERG, JJ., concur.