42 P.3d 14

Jesus MENDEZ, Petitioner,

v.

Hon. Kelly M. ROBERTSON, Judge of the Superior Court of the State of Arizona, in and for the County of Pinal, Respondent,

and

The State of Arizona, Real Party in Interest.

No. 2 CA–SA 01–0117.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 5, 2002.

Michael F. Beers, Pinal County Public Defender, By Bret H. Huggins, Florence, for Petitioner.

Robert Carter Olson, Pinal County Attorney, By Ronald S. Harris, Florence, for Real Party in Interest.

## OPINION

ESPINOSA, Chief Judge.

¶ 1 In this special action, petitioner Jesus Mendez challenges the respondent judge's order in the underlying criminal proceeding, entered pursuant to Rule 7.4(b), Ariz. R.Crim. P., 16A A.R.S., denying Mendez's request to be released on his own recognizance and confirming the release bond amount previously set at $250,000. Mendez has no equally plain, speedy, or adequate remedy by appeal because the order from which he seeks relief is interlocutory. *See* Ariz. R.P. Special Actions 1(a), 17B A.R.S.; *see also Nalbandian v. Superior Court,* 163 Ariz. 126, 786 P.2d 977 (App.1989) (special action is method for obtaining appellate review of criminal interlocutory order). Additionally, purely legal questions such as those raised here are appropriately reviewed by special action, *Lewis v. Warner,* 166 Ariz. 354, 802 P.2d 1053 (App.1990), and the claim that the respondent judge applied an incorrect standard of review is likely to recur. *See Stubblefield v. Trombino,* 197 Ariz. 382, 4 P.3d 437 (App.2000) (special action jurisdiction appropriate when error likely to recur). Consequently, we accept jurisdiction of this special action.

¶ 2 Mendez was arrested in September 2001, and the state subsequently filed a complaint charging him with two counts of aggravated assault. At Mendez's initial appearance in Eloy Justice Court, the justice of the peace denied his request to be released on his own recognizance, setting the release bond amount at $250,000. Thereafter, Mendez was charged by indictment with the same offenses, and the case was scheduled for arraignment in Pinal County Superior Court.

Mendez filed a motion for reexamination of his release conditions pursuant to Rule 7.4(b), which the respondent judge denied after a hearing at which Mendez testified. This special action followed.

## Standard of Review for Reexamination of Release Order

¶ 3 Mendez contends that the respondent judge applied an abuse of discretion standard in reexamining the release order and that she was required, instead, to review the matter *de novo.* Although not entirely clear from the record before us, it appears that the respondent judge did review the justice of the peace's order for an abuse of discretion. We agree with Mendez that this was the incorrect standard of review.

¶ 4 The relevant part of Rule 7.4(b) provides that "[a]ny person remaining in custody may move for reexamination of the conditions of release whenever the person's case is transferred to a different court or the motion alleges the existence of material facts not previously presented to the court." Based on the respondent judge's comments at the hearing, she appears to have regarded her review as based, in part, on the transfer of the case from a different court. But it also appears that, in reaching her decision, she considered a statement by the victim that had not been presented to the justice of the peace. In the statement, the victim expressed her fear of Mendez and described the violence of the offenses and the seriousness of the injuries he had inflicted when he had allegedly assaulted her. Additionally, the respondent judge considered testimony from Mendez about his ties to the community. It appears the justice of the peace had only been provided a questionnaire completed by a City of Eloy police officer.

¶ 5 It is axiomatic that, when a court is asked to reexamine release conditions in light of newly presented information, the review must be *de novo.* It is equally clear from the rule itself that the review must be *de novo* whether based on new evidence or not. "Rules of procedure[, like statutes,] are ... interpreted by their plain meaning." *Arizona Dep't of Revenue v. Superior Ct.,* 189 Ariz. 49, 52, 938 P.2d 98, 101 (App.1997).

The plain meaning of the word "reexamination" in Rule 7.4(b) supports our conclusion that review is *de novo.* "Reexamine" means "[t]o examine again or anew; review." *The American Heritage Dictionary* 1038 (2d college ed.1991). Thus, Rule 7.4(b) required the respondent judge to "examine anew" the conditions of Mendez's release that had been set by the justice of the peace. Moreover, both situations in which a court may "reexamine" a release order—a transfer or new information—appear in the same sentence of the rule, providing two instances in which the court may look at the order "anew." We do not believe the supreme court intended different standards of review to be applied to the two circumstances listed in this rule.

¶ 6 Mendez cites *Dunlap v. Superior Court,* 169 Ariz. 82, 817 P.2d 27 (App.1991), for the proposition that the standard of review for reexamination of a release order based on the transfer of the case to a different court is *de novo.* Although *Dunlap* does not articulate the standard of review for Rule 7.4(b), as Mendez suggests, review was implicitly *de novo* in that case because the reexamination was based not only on the transfer of the case to a different court, but on newly presented evidence as well. *In re Maricopa County Juvenile Action No. J-96215,* 135 Ariz. 185, 659 P.2d 1330 (App. 1983), also implies that review is *de novo.* There, Division One of this court held that the transfer of a minor from juvenile court to superior court for prosecution as an adult is a transfer to a "different court" within the meaning of Rule 7.4(b). Consequently, the juvenile court had erred in attempting to limit any judicial officer's reconsideration and modification of the minor's conditions of release pursuant to Rule 7.4.

### Right to Evidentiary Hearing on Release Conditions

■ ¶ 7 Mendez also complains that he was entitled to an evidentiary hearing on his motion for reexamination of his release conditions, that the respondent judge erred in accepting avowals by the prosecutor, and that Mendez should have been permitted to call the victim as a witness so he could cross-examine her. There is no support for these claims in the rule, applicable statutes, or case law, and we are not persuaded by the authorities upon which Mendez relies. Specifically, he cites *State v. Fimbres,* 152 Ariz. 440, 733 P.2d 637 (App.1987), which involved a suppression hearing, and *State v. Grounds,* 128 Ariz. 14, 623 P.2d 803 (1981), which dealt with a discovery dispute and the defendant's request for the identity of a confidential informant; both types of proceedings are governed by different rules of procedure. *See* Ariz. R.Crim. P. 16.2, 16.3, 16A A.R.S. (suppression hearings); Ariz. R.Crim. P. 15, 16A A.R.S. (disclosure requirements and sanctions). Moreover, Mendez was afforded a hearing, just not the full evidentiary hearing he desired.

■ ¶ 8 We reject Mendez's claim that a victim whose rights are protected by the Victims' Bill of Rights and related statutes and procedural rules may be required to testify at a release hearing. *See generally* Ariz. Const. art. II, § 2. 1; A.R.S. §§ 13-4401 through 13-4439. Mendez relies primarily on *State v. Blackmon,* 184 Ariz. 196, 908 P.2d 10 (App.1995), but that case involved the right to cross-examine the victim at a sentencing hearing.[1] Although we held in *State ex rel. Dean v. City Court,* 173 Ariz. 515, 516, 844 P.2d 1165, 1166 (App.1993), that the Victims' Bill of Rights does not give victims "an absolute right not to be exposed to contact with defendants or their attorneys until the time of trial" and that they can be compelled to testify at certain pretrial hearings, we did not hold that a release hearing is one of them, nor do we conclude that it should be. We base our conclusion that Mendez did not have a right to require the victim to appear for cross-examination on the fact that a defendant accused of a bailable offense is not entitled to an evidentiary hearing on his request for reexamination of his release conditions.

¶ 9 Section 13-3967(B), A.R.S., provides that a person charged with a bailable offense has a right, after appearing before a judicial officer, to be released pending trial either on

---

1. We are not faced with a situation where a victim voluntarily testifies and do not address the defendant's right of cross-examination in such a scenario.

his or her own recognizance or upon execution of bail as set by that officer. Subsection (C) of the statute provides that, "[i]n determining the method of release or the amount of bail, the judicial officer shall, on the basis of available information, take into account," certain specified factors. Similarly, Rule 7.2(a), Ariz. R.Crim. P., 16A A.R.S., raises a rebuttable presumption that a person charged with a bailable offense should be released on the person's own recognizance "pending or during trial ... unless the court determines, in its discretion, that such a release will not reasonably assure the person's appearance as required." Neither the rule nor the statute affords the person an evidentiary hearing for a subsequent review of release conditions. Had the legislature wanted to permit such a hearing, it could have so indicated, as it did in A.R.S. § 13–3961, which states that a court may determine that an offense is not bailable only after a hearing. *See also* A.R.S. § 13–3968 (requiring hearing before court may find accused violated release conditions and modify conditions of release or revoke release on state's request). Consistent with these statutes, Rule 7.5, Ariz. R.Crim. P., 16A A.R.S., states that a court may modify conditions of release or revoke release only after a hearing on a verified petition filed by the prosecutor.

¶ 10 Although Mendez had a right to be heard,[2] we conclude he did not have the right to an evidentiary hearing on reexamination of his release conditions and the respondent judge could do so based on "available information," A.R.S. § 13–3967(C), that need not be admissible under the rules of evidence. *See* Rule 7.4(c), Ariz. R.Crim. P. Accordingly, we conclude Mendez did not have the right to call the victim as a witness for cross-examination, and that the respondent judge did not err in considering the prosecutor's avowals, along with all other available information.[3]

### Disposition

¶ 11 Based on the foregoing, we accept jurisdiction of this special action and grant

relief on Mendez's claim that the respondent judge erred in applying the wrong standard of review in reexamining the justice of the peace's release order and find that, in this respect, the respondent judge abused her discretion. *See* Ariz. R.P. Special Actions 1 and 3. The respondent judge must, therefore, reexamine the release order under a *de novo* standard of review and we remand the matter for that purpose. We deny relief on Mendez's remaining claims.

HOWARD, P.J. and DRUKE, J., concurring.

---

**2.** We need not attempt to delineate here the nature and scope of a defendant's right to be heard under Rule 7.4(b) because Mendez was afforded a hearing at which he was permitted to testify.

**3.** We refuse to consider Mendez's argument that his due process rights were violated when the prosecutor cursed at defense counsel. Although the prosecutor's conduct was unprofessional, it does not appear to have affected the proceedings in any way and is not relevant here.