This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. 33,966**

**BRENAN ROSS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Appellate Defender
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Defendant appeals her convictions for DWI per se and no headlights entered by the metropolitan court and subsequently affirmed by the district court following an on-record review. [RP 28, 74, 86] Our notice proposed to affirm in part, and to reverse and remand in part. Both parties filed respective memoranda in opposition. We are not persuaded that our notice was incorrect, and for this reason affirm in part, and reverse and remand in part.

{2}    As an initial matter, we address the State's argument raised in its memorandum in opposition that challenges this Court's jurisdiction to hear appeals from a district court's on-record review of a metropolitan court decision. [State's MIO, red clip/6] As the State recognizes [State MIO, red clip/6], this argument was rejected in *State v. Carroll*, 2015-NMCA-033, ¶ 5, 346 P.3d 372 ("[T]his Court has been vested with jurisdiction over appeals in all criminal actions with the limited exception of those where a sentence of death or life imprisonment is imposed. Had the Legislature intended to limit our jurisdiction to preclude review of the on-record appellate decisions of the district court, we assume it would have explicitly done so."), *cert. granted*, 2015-NMCERT ___, ___ P.3d ___ (No. 35,063, Jan. 26, 2015), and we decline to revisit the *Carroll* holding. *See State v. Jones*, 2010-NMSC-012, ¶ 59, 148 N.M. 1, 229 P.3d 474 (noting that, in the absence of law to the contrary, a decision

from the Court of Appeals is "controlling" even when certiorari has been granted by the Supreme Court).

**{3}** In issue (1), Defendant continues to argue that the officer lacked probable cause to arrest her for DWI. [DS 14; Defendant MIO, black clip/14] *See generally State v. Granillo-Macias*, 2008-NMCA-021, ¶¶ 7, 9, 143 N.M. 455, 176 P.3d 1187 (setting forth our standard of review and providing that probable cause to arrest exists "when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed"). In pertinent part, Defendant had bloodshot and watery eyes [RP 81], admitted to drinking alcohol before driving [RP 81], smelled strongly of alcohol [RP 81], performed SFSTs with mixed results such that she did not successfully complete all of the SFSTs [RP 80-81], and was driving at night without her headlights. [RP 80] For the reasons provided in the district court's memorandum opinion [RP 79-81] and recognized in our notice, we conclude that the foregoing provided probable cause to support Defendant's arrest. *See generally State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341, 176 P.3d 330 (recognizing that the fact-finder could rely on common knowledge and experience to determine whether the defendant was under the influence of alcohol when considering the testimony as to the defendant's driving behavior, physical condition, admission of drinking, and performance on the field sobriety tests). While Defendant emphasizes

her view that "[t]here were no common sense observations of intoxication such as fumbling, stumbling, slurred words, or incoherent responses" [Defendant MIO, black clip/16], it was within the factfinder's prerogative to consider the other evidence, as related, to assess that there was probable cause that Defendant was impaired. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Garcia*, 2009-NMCA-107, ¶ 21, 147 N.M. 150, 217 P.3d 1048 (recognizing that the factfinder is free to reject the defendant's version of the events).

{4}     Lastly, to the extent Defendant attacks the efficacy of field sobriety tests in general to show that a driver may be impaired to drive [Defendant MIO, black clip/16-17; RP 60], we point out that case law considers a driver's performance on SFSTs as generic evidence that is relevant to a driver's impairment, even if it is not a definitive measure. *See, e.g., State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844; *State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20, (recognizing that a defendant's performance on motor skills exercises is one of the self-explanatory tests that reveal common physical manifestations of intoxication). Based on the foregoing discussion, we hold that probable cause supported Defendant's arrest.

4

{5}    In issue (2), Defendant argues that the officer's handing her a phone book failed to satisfy the requirement that she be given a reasonable opportunity to arrange for an independent chemical test under NMSA 1978, Section 66-8-109(B) (1993). [DS 15; Defendant MIO, black clip/17] As provided in our notice and acknowledged by the State [State MIO, red clip/8], *State v. Chakerian*, 2015-NMCA-052, ¶ 29, 348 P.3d 1027, *cert. granted*, 2015-NMCERT-005, ___ P.3d ___ (May 11, 2015), supports Defendant's argument. *See Jones*, 2010-NMSC-012, ¶ 59 (noting that, in the absence of law to the contrary, a decision from the Court of Appeals is "controlling" even when certiorari has been granted by the Supreme Court). Based on *Chakerian*, we reverse and remand to the metropolitan court to determine a remedy under the circumstances of this case.

{6}    To conclude, we hold that we have jurisdiction to consider Defendant's appeal. We further hold that probable cause supported Defendant's arrest, and hold that Defendant was not given a reasonable opportunity to arrange for an independent chemical test as required by Section 66-8-109(B). We thus affirm in part, and reverse and remand in part.

{7}    **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

5

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**