909 P.2d 476

STATE of Arizona ex rel. Richard ROMLEY, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Susan R. Bolton, a judge thereof, Respondent Judge,

Patrick William CUNNINGHAM, Real Party in Interest.

No. 1 CA–SA 95–0129.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 26, 1995.

Review Denied Jan. 17, 1996.*

Richard M. Romley, Maricopa County Attorney by Diane E. Gunnels and Zora Manjencich, Deputy County Attorneys, Phoenix, for petitioner.

Roth & Roth, P.C. by Michael Roth, Scottsdale, for Real Party in Interest.

OPINION

GERBER, Judge.

The State petitions this court to accept special action jurisdiction and reverse the trial court's ruling that a person whose property was damaged by a driver convicted of

---

* Corcoran, J., of the Supreme Court, did not par- ticipate in the determination of this matter.

driving while under the influence of intoxicating liquor is not a "victim" as defined by the Victims' Rights Implementation Act, Arizona Revised Statutes Annotated (A.R.S.) sections 13–4401 through 13–4437 and the Victims' Bill of Rights, Arizona Constitution article 2, section 2.1. For the following reasons, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

Patrick William Cunningham (Cunningham) struck a car driven by Petar Munjas (Munjas) after failing to yield the right-of-way at a Phoenix intersection. Munjas was not injured but his car was damaged. Two witnesses, one an off-duty police officer, observed the collision.

Cunningham's license was suspended and revoked at the time of the accident. He was charged with one count of aggravated driving while under the influence of intoxicating liquor or drugs (DUI), a class 4 felony. The state alleged historical prior nondangerous felony convictions for DUI and criminal damage.

During discovery, Cunningham's counsel requested that he interview Munjas. Munjas refused pursuant to the Victims' Rights Implementation Act, A.R.S. section 13–4433. The trial judge granted Cunningham's motion to depose Munjas, finding that because he was not a crime victim he could not refuse a defense interview. The state filed a motion to stay the trial court proceedings pending the determination of this special action.

## ISSUE ON APPEAL

The sole issue presented in this special action is whether the trial judge abused her discretion in ruling that a person suffering property damage in a DUI collision is not a "victim" as defined by the Victims' Rights Implementation Act and Victims' Bill of Rights. See A.R.S. sections 13–4401 through 13–4437; Ariz. Const. art. 2, § 2.1.

## STANDARD OF REVIEW

■ Special action jurisdiction may be assumed to correct a plain and obvious error committed by the trial court. *Amos v. Bowen*, 143 Ariz. 324, 327, 693 P.2d 979, 982 (App.1984). Special action jurisdiction is also appropriate when a petitioner is without an adequate remedy by appeal. *See Nelson v. Roylston*, 137 Ariz. 272, 273, 669 P.2d 1349, 1350 (App.1983). The only questions that may be raised in a special action are:

(1) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or

(2) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or

(3) Whether a determination was arbitrary and capricious or an abuse of discretion.

Ariz.R.P. for Special Actions, Rule 3.

■ We accept jurisdiction because the trial judge's finding that Munjas was not a "victim" as defined by A.R.S. section 13–4401(18) was an abuse of discretion.

## DISCUSSION

The state petitions this court to find that Munjas is a crime victim as defined by the Victims' Bill of Rights, article 2, section 2.1(12)(C) and the Victims' Rights Implementation Act, A.R.S. section 13–4401(18):

"Victim" means *a person against whom the criminal offense has been committed*, or if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative, except if the person is in custody for an offense or is the accused.

(Emphasis added.)

The definition of "criminal offense" is set forth in A.R.S. section 13–4401(6):

"Criminal offense" means conduct that gives a peace officer or prosecutor probable cause to believe that a felony or that a misdemeanor involving physical injury, *the threat of physical injury* or a sexual offense has occurred.

(Emphasis added.)

Cunningham asserts that Munjas is not a crime victim because DUI is a "victimless"

crime; he did not intend to collide with Munjas; and Munjas was not personally "harmed" by the collision.

The Victims' Bill of Rights, article 2, section 2.1(A)(5) and the Victims' Rights Implementation Act, A.R.S. sections 13–4401 through 13–4437 allow a victim to refuse a defense interview. The Victims' Bill of Rights provides in pertinent part:

**Section 2.1** (A) To preserve and protect victims' rights to justice and due process, a victim of crime has a right:

(5) To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

 We are required to follow and apply the plain language of the Victims' Bill of Rights in interpreting its scope. *State ex rel. Dean v. City of Tucson,* 173 Ariz. 515, 516, 844 P.2d 1165, 1166 (App.1992). Trial courts do not have authority to make ad hoc exceptions to the Victims' Bill of Rights. *Knapp v. Martone,* 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992).

 Munjas falls within the plain language defining "victim" as "a person against whom the criminal offense [was] committed." Although Cunningham only damaged Munjas's car rather than Munjas personally, the crime of DUI was nonetheless committed against him. Similarly, the definition of "criminal offense" as conduct giving rise to a felony or misdemeanor involving "the threat of physical injury" requires us to conclude that Cunningham's actions constituted a criminal offense threatening Munjas with physical injury. Common sense demands the same conclusion.

The Arizona Supreme Court addressed the trial court's authority to make exceptions to the Victims' Bill of Rights in *Knapp v. Martone,* 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992):

If trial courts are permitted to make ad hoc exceptions to the constitutional rule based upon the perceived exigencies of each case, the harm the Victims' Bill of Rights was designed to ameliorate will, instead, be increased. Permitting such ad hoc exceptions will encourage defendants or others to assert that the person designated as the victim should, instead, be considered a suspect.

 Cunningham did not need a specific intent to collide with Munjas for him to qualify as a DUI victim. The DUI statute underlying Cunningham's conviction does not require proof of a culpable mental state. *State v. Parker,* 136 Ariz. 474, 475, 666 P.2d 1083, 1084 (App.1983). In addition, although Munjas was not personally injured, he was the victim of property damage because his car was damaged. The statutory and constitutional provisions of the Victims' Bill of Rights do not require that a victim suffer personal injury to fall within the definition of a crime victim.

## CONCLUSION

Munjas is a victim as defined by the Victims' Bill of Rights and the Victims' Rights Implementation Act and as a victim may refuse a pre-trial defense interview. We find the trial court's order in error and reverse it.

CONTRERAS, P.J., and
KLEINSCHMIDT, J., concur.