150 P.3d 778

**STATE of Arizona ex rel. Andrew P. THOMAS, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Andrew G. KLEIN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Timothy Allen Simpson, Real Party in Interest.**

**No. 1 CA–SA 06–0173.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 11, 2007.

Andrew P. Thomas, Maricopa County Attorney by David E. Wood, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

James J. Haas, Maricopa County Public Defender, by Carissa A. Jakobe, Deputy Public Defender, Phoenix, Attorneys for Respondent.

## OPINION

WEISBERG, Judge.

¶ 1 Petitioner, the State of Arizona, filed a special action challenging the superior court's order granting a motion by Timothy Allen Simpson ("Defendant") to depose the victim. The State argues that the superior court's order violated the victim's rights under the Arizona Constitution. Ariz. Const. art 2, § 2.1(A)(5); Ariz.Rev.Stat. ("A.R.S.") § 13–4433 (2001). We issued an order accepting jurisdiction and granting relief, because, as explained below, the superior court's order was based on an unconstitutional statutory provision.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The State initially charged Defendant with aggravated assault, a Class 6 felony, for knowingly touching the fifteen-year old victim "with the intent to injure, insult or provoke her." See A.R.S. § 13–1203(A)(3) (2001). Subsequently, in May 2006, the superior court granted the State's motion to amend its indictment to designate the offense as a Class 1 misdemeanor. See A.R.S. § 13–702(G) (2001).

¶ 3 In July 2006, Defendant filed a discovery motion to depose the victim, arguing that because the State's amended indictment charged Defendant with a misdemeanor that did not involve physical injury, the threat of physical injury, or a sexual offense, he had not committed a "criminal offense" for the purposes of the Victims' Rights Implementation Act ("the Implementation Act"). A.R.S. § 13–4401 (2001) et seq. Accordingly, Defendant argued that the victim was no longer entitled to the protections of the Victims' Bill of Rights and could not refuse to be deposed on that basis. Ariz. Const. art. 2, § 2.1(A)(5). e State responded that the charge in the amended indictment did not affect the victim's status under the Implementation Act because the Act's definition of "criminal offense" unconstitutionally limited the class of people protected under the Victims' Bill of

Rights.[1] After a hearing, the superior court "reluctantly" granted Defendant's motion to depose the victim, reasoning that the specific definition of "criminal offense" in the Implementation Act controlled over the general definitions of "crime" and "offense" set forth in A.R.S. section 13–105 (2001). Petitioner filed the instant special action, and we issued an order accepting jurisdiction and granting relief.

## JURISDICTION

¶ 4 We accept special action jurisdiction to address a purely legal issue of statewide importance: whether the Implementation Act's definition of "criminal offense" is constitutional. *See State v. Roscoe*, 185 Ariz. 68, 69, 912 P.2d 1297, 1298 (1996) (special action jurisdiction accepted to address legislative restrictions of the Victims' Bill of Rights); *State ex rel. Romley v. Maricopa County Superior Court*, 184 Ariz. 409, 410, 909 P.2d 476, 477 (App.1995); A.R.S. § 12–120.21(A)(4) (2003); A.R.S. § 13–4437 (2001) (victim, or prosecutor upon victim's request, has standing to bring special action seeking enforcement of Victims' Bill of Rights provision).

## STANDARD OF REVIEW

¶ 5 On appeal, we review questions of statutory interpretation and constitutional law *de novo*. *State v. Ramsey*, 211 Ariz. 529, 532, ¶ 5, 124 P.3d 756, 759 (App.2005). When interpreting the scope of the Victims' Bill of Rights, we are required to follow and apply its plain language. *Romley*, 184 Ariz. at 411, 909 P.2d at 478. We presume that a statute is constitutional, and the party challenging its validity bears the burden of establishing that the legislation is unconstitutional; any doubts are resolved to the contrary. *Ariz. Dep't of Pub. Safety v. Maricopa County Superior Court*, 190 Ariz. 490, 494, 949 P.2d 983, 987 (App.1997).

## DISCUSSION

¶ 6 Here, the superior court concluded that once the State reduced the charge in its indictment to a misdemeanor, "the wording of the [Implementation Act] is clear that this is not a type of criminal offense that gives a victim protection under the act." The superior court, therefore, granted Defendant's motion to depose the victim. We, however, conclude that the Victims' Bill of Rights protects this victim.

¶ 7 In 1990, the people of Arizona enacted the Victims' Bill of Rights as an amendment to the State constitution. *See Roscoe*, 185 Ariz. at 70, 912 P.2d at 1299. The Victims' Bill of Rights confers a broad range of rights to victims of crime, including the right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant. Ariz. Const. art. 2, § 2.1(A)(5); *Roscoe*, 185 Ariz. at 70, 912 P.2d at 1299. One of the purposes of the Victims' Bill of Rights was to ensure that *all* crime victims are provided with basic rights of respect, protection, participation and healing of their ordeals. 1991 Ariz. Sess. Laws, ch. 229, § 2(2) (emphasis added).

¶ 8 The Victims' Bill of Rights defines a victim as a person against whom the criminal offense has been committed or, if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative, except if the person is in custody for an offense or is the accused. Ariz. Const. art. 2, § 2.1(C); A.R.S. § 13–4401(19). Although criminal offense was not specifically defined in the Victims' Bill of Rights, at the time the Victims' Bill of Rights was adopted those terms were defined as follows:

> Crime means a misdemeanor or a felony. Offense or public offense means conduct for which a sentence to a term of imprisonment or of a fine is provided by any law of the State in which it occurred or by any law, regulation or ordinance of a political subdivision of that state[.]

A.R.S. § 13–105(6),(23).

¶ 9 The Victims' Bill of Rights contained the following provision to facilitate the implementation of the various rights conferred to victims:

> The [L]egislature, or the people by initiative or referendum, have the authority to

---

1. In light of our resolution of the case, we need not address the State's additional procedural arguments relating to the effect of amending its indictment.

enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims by this section, including the authority to extend any of these rights to juvenile proceedings. Ariz. Const. art. 2, § 2.1(D). Accordingly, the Legislature enacted the Implementation Act in 1991. *See Roscoe,* 185 Ariz. at 70, 912 P.2d at 1299; 1991 Ariz. Sess. Laws, ch. 229, § 7.

¶ 10 The original version of the Implementation Act defined criminal offense as a violation of a state criminal statute, which was consistent with the definitions provided by A.R.S. § 13–105. *See* A.R.S. § 13–4401(6) (1991); 1991 Ariz. Sess. Laws, ch. 229, § 7. However, in 1992, the Legislature amended the Implementation Act's definition of criminal offense. Ariz. Sess. Laws, ch. 209, § 4 (the Amended Definition). The Amended Definition defined criminal offense as follows:

conduct that gives a peace officer or prosecutor probable cause to believe that one of the following has occurred:

(a) A felony.

(b) A misdemeanor involving physical injury, the threat of physical injury or a sexual offense.

A.R.S. § 13–4401(6). Therefore, under the Amended Definition, the protections of the Victims' Bill of Rights would not apply to the victim in the instant case because the offense was designated as a Class 1 misdemeanor, which is not a felony or a misdemeanor involving physical injury, the threat of physical injury or a sexual offense. *Id.* The issue before us, then, is whether the Legislature had the authority to enact a statutory definition that narrowed the class of persons otherwise protected by the Victims' Bill of Rights.

¶ 11 Defendant argues that in adopting the Amended Definition, the Legislature was simply exercising its authority to enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims by the Victims' Bill of Rights. Ariz. Const. art. 2, § 2.1(D). Of course, we presume that a statute is constitutional unless it conflicts with the federal or state constitution. *See State ex rel. Thomas v. Foreman,* 211 Ariz. 153, 156, ¶ 12, 118 P.3d 1117, 1120 (App.2005). However, the Legis-

lature's power to enact statutes is subject to any limitations imposed by a constitutional provision, including any limitation that may be implied by the text of the constitution or its structure taken as a whole. *Citizens Clean Elections Comm'n v. Myers,* 196 Ariz. 516, 520–21, ¶ 14, 1 P.3d 706, 710–11 (2000). In particular, as our supreme court has explained, while the Legislature has the power to implement provisions of the Victims' Bill of Rights, it cannot eliminate or reduce the rights otherwise guaranteed. *State v. Lamberton,* 183 Ariz. 47, 50, 899 P.2d 939, 942 (1995); *Roscoe,* 185 Ariz. at 72–73, 912 P.2d at 1301–02.

¶ 12 In *Roscoe,* our supreme court held unconstitutional a legislative amendment to the Implementation Act precluding on-duty peace officers from qualifying as victims under the Victims' Bill of Rights. 185 Ariz. at 72–73, 912 P.2d at 1301–02. Under the statutory provision at issue in *Roscoe,* peace officers would not be considered victims if the criminal act that would otherwise have qualified them as victims occurred while they were on active duty. *Id.* at 70, 912 P.2d at 1299. Although the court recognized that the provision carved out a fairly limited exception to the Victims' Bill of Rights, it nevertheless concluded that the provision unconstitutionally controverted the unambiguous definition of victim set forth in the Victims' Bill of Rights. *Id.* at 70–71, 912 P.2d at 1299–1300; Ariz. Const. art. 2, § 2.1(C). Noting the principle that where "a constitutional provision is clear, no judicial construction is required or proper," the court explained that the authors of the Victims' Bill of Rights clearly defined [the term] victim and just as clearly defined two exceptions to victim status-persons in custody and the persons accused of the offense. *Id.* at 71, 912 P.2d at 1300 (*quoting Pinetop–Lakeside Sanitary Dist. v. Ferguson,* 129 Ariz. 300, 302, 630 P.2d 1032, 1034 (1981)); Ariz. Const. art. 2, § 2.1(C). Because the provision created an additional category of persons who would be denied victim status, the court concluded that it was unconstitutional. *Roscoe,* 185 Ariz. at 72, 912 P.2d at 1301.

¶ 13 Similarly, the Amended Definition denies victim status to a category of people not excluded by the Victims' Bill of Rights— those who have had a misdemeanor commit-

ted against them that did not involve physical injury, the threat of physical injury, or a sexual offense. *See* A.R.S. § 13–4401(6). Yet as noted above, the definition of criminal offense that existed at the time the Victims' Bill of Rights was enacted contained no such limitation. *See* A.R.S. § 13–105(6),(23). Nor does the plain language of the Victims' Bill of Rights reflect an intent to exclude victims of such crimes from protection. *See* Ariz. Const. art. 2, § 2.1(D).[2]

¶ 14 While the Amended Definition did not directly deny a certain category of persons victim status under the Victims' Bill of Rights, it achieved precisely the same result by redefining the term criminal offense. Of course, the Legislature has the power to define that conduct which will not be tolerated in an ordered society and to provide punishment for those who violate public policy. *State v. Bly,* 127 Ariz. 370, 371, 621 P.2d 279, 280 (1980). Therefore, if the Legislature wished to effectively limit the scope of the Victims' Bill of Rights, it could decriminalize certain conduct or redefine the type of conduct that qualifies as a criminal offense under the criminal code.

■ ¶ 15 However, the Legislature does not have the authority to restrict rights created by the people through constitutional amendment. *Roscoe,* 185 Ariz. at 72, 912 P.2d at 1301; *Lamberton,* 183 Ariz. at 50, 899 P.2d at 942; Ariz. Const. art. 4, pt. 1, § 1 (reserving the people's power to propose laws and amendments to the Constitution and to enact or reject such laws and amendments at the polls, independently of the Legislature). In particular, although the Victims' Bill of Rights grants to the Legislature the authority to define the rights created therein, the Legislature may not redetermine who is entitled to them. *Roscoe,* 185 Ariz. at 73, 912 P.2d at 1302. The purpose of the Implementation Act was to allow the Legislature to address all of the procedural and substantive issues that might accompany the enactment of the Victims' Bill of Rights, not

to restrict its application by adopting a limited definition of criminal offense diminishing the application of the Victims' Bill of Rights. *Id.* To allow the Legislature to exclude categories of victims who have already been included by the people for protection would infringe on the sovereign power of the voting public. *Id.* We, therefore, conclude that the definition of criminal offense set forth in A.R.S. § 13–4401(6) unconstitutionally limits the categories of victims protected by the Victims' Bill of Rights.

### CONCLUSION

¶ 16 For the reasons discussed above, we vacate the superior court's order granting Defendant's motion to depose the victim and remand for proceedings consistent with this opinion.

CONCURRING: PHILIP HALL and PATRICIA A. OROZCO, Judges.

---

**2.** Although the breadth of the legislatively added exception to the coverage of the Victims' Bill of Rights does not affect our opinion, we note that the category of people excluded by the amended definition is far broader than the provision found to be unconstitutionally restrictive in *Roscoe.* 185 Ariz. at 72, 912 P.2d at 1301. The amend-

ment in *Roscoe* excepted only on-duty peace officers, while the amended definition would deny Victims' Bill of Rights protections to any victim of any misdemeanor that does not involve physical injury, the threat of physical injury, or a sexual offense. A.R.S. § 13–4401(6).