195 P.3d 189

**Charles DOUGLASS, Petitioner/Appellant,**

v.

**STATE of Arizona, Respondent/Appellee.**

No. 1 CA–CV 07–0526.

Court of Appeals of Arizona, Division 1, Department A.

April 10, 2008.

Review Denied Sept. 23, 2008.

Jason D. Lamm, Phoenix, Attorney for Petitioner/Appellant.

Andrew P. Thomas, Maricopa County Attorney by Arthur Hazelton, Deputy County Attorney, Phoenix, Attorneys for Respondent/Appellee.

## OPINION

HALL, Judge.

¶ 1 Charles Douglass (Charles) was charged in justice court with interfering with judicial proceedings after he allegedly violated an order of protection issued on behalf of

his then-wife, D.S.[1] The justice of the peace denied his motion to depose D.S., and Charles sought special action relief from that order in the superior court, which was denied. Charles then appealed to this court. We conclude that D.S. is entitled to the protections granted crime victims in the Victims' Bill of Rights, and may not be compelled to submit to a court-ordered deposition. Therefore, we affirm the superior court.

## FACTS AND PROCEDURAL HISTORY

¶2 The underlying facts are undisputed. On November 14, 2005, D.S. obtained an order of protection prohibiting Charles from contacting her in person or by telephone. On December 6, 2005, immediately following a hearing on the matter in justice court, D.S. contacted the Phoenix Police Department and reported that Charles followed her vehicle as she drove along the 101 Freeway, eventually entering the neighboring lane, pulling his motorcycle parallel to her car, and gesturing toward her. When questioned by the police, Charles claimed that he did not follow D.S. from the hearing but that he simply happened upon her vehicle in traffic. However, Charles acknowledged that he positioned his motorcycle alongside D.S.'s car and that he gestured toward her.

¶3 On April 6, 2006, the State filed a complaint in justice court charging Charles with one count of interfering with judicial proceedings, a class one misdemeanor and a domestic violence offense in violation of Arizona Revised Statutes (A.R.S.) sections 13–2810 (2001) and –3601 (Supp.2007). Although the complaint did not refer to D.S. by name, it specifically alleged that Charles disobeyed a court order on December 6, 2005. As the interference with judicial proceedings case proceeded, Charles filed a motion to depose D.S. pursuant to Arizona Rule of Criminal Procedure 15.3(a)(2),[2] which the justice court granted. The State then filed a motion to reconsider,[3] arguing that under the

Victims' Bill of Rights, Article 2, Section 2.1(A)(5) of the Arizona Constitution, D.S. was entitled to refuse an interview or deposition. The justice court granted the motion, finding that D.S. "is a victim pursuant to applicable law."

¶4 On May 2, 2007, Charles filed a petition for special action in superior court contending that the State, not D.S., is the victim of his alleged interference with judicial proceedings case. According to Charles, D.S. is only a witness to the event and therefore she may not invoke a crime victim's constitutional right to refuse a pretrial interview. In its response, the State countered that, pursuant to A.R.S. § 13–3602(N) (Supp.2007) (governing orders of protection), § 13–2810 is the enforcement provision for disobeying a court order of protection and therefore the charge of interference with judicial proceedings is statutorily designed to protect the "order of protection petitioner."

¶5 After hearing oral argument and taking the matter under advisement, the superior court accepted jurisdiction and entered a signed minute entry order denying Charles relief. The superior court stated, in relevant part:

> The purpose of an order of protection is to protect the order of protection plaintiff ("OOPP") from contact by an order of protection defendant ("OOPD") who "may commit an act of domestic violence or has committed an act of domestic violence within the past year." The order of protection serves as a valuable tool to give the court and police the means of protecting vulnerable family members and spouses. When an OOPD engages in contact prohibited by the order of protection, the OOPP is a "victim" as defined by the victim's bill of rights.
>
> The OOPP is the moving party which created the court order. The OOPP is the intended beneficiary of the court order. Any unwarranted contact, in violation of

---

1. Charles and D.S. are now divorced.

2. Rule 15.3(a)(2) provides that the court may order a deposition upon a showing of several circumstances, including "that the person will not cooperate in granting a personal interview."

3. At the request of a victim, a prosecutor has standing to assert any right to which the victim is entitled. A.R.S. § 13–4437(C) (Supp.2007).

the order of protection, is directed at the OOPP. The Court finds no abuse of discretion by the respondent judge and therefore denies the relief requested by Petitioner.

¶ 6 Charles timely appealed.

## DISCUSSION

¶ 7 As his sole issue on appeal, Charles contends that the superior court erred by determining that D.S. qualifies as a victim for purposes of the Victims' Bill of Rights and the Victims' Rights Implementation Act, A.R.S. §§ 13–4401 to –4433 (2001, Supp. 2007), and thereby may not be compelled to submit to a deposition. *See Day v. Superior Court,* 170 Ariz. 215, 217, 823 P.2d 82, 84 (App.1991) ("The Victims' Bill of Rights precludes the trial court from ordering the deposition of a victim who has indicated an unwillingness to be interviewed.").

¶ 8 Because the superior court accepted jurisdiction of Charles' petition for special action and neither party contends that the court abused its discretion in doing so, we address its determination of the merits. *State v. Johnson,* 184 Ariz. 521, 523, 911 P.2d 527, 529 (App.1994). We independently determine the merits of Charles' motion to depose D.S. because whether she is entitled to status as a crime victim under the Victims' Bill of Rights is a question of law. *See Ottaway v. Smith,* 210 Ariz. 490, 492, ¶ 5, 113 P.3d 1247, 1249 (App.2005).

¶ 9 Pursuant to the Victims' Bill of Rights, a crime victim may refuse an "interview, deposition, or other discovery request by a defendant[.]" Ariz. Const. art. 2, § 2.1(A)(5). As defined in Article 2, Section 2.1(C), a victim is "a person against whom the criminal offense has been committed." Hence, the question before us is whether a criminal offense was committed against D.S. when Charles allegedly violated the order of protection issued on her behalf in violation of A.R.S. § 13–2810, a class one misdemeanor. *Cf. State ex rel. Thomas v. Klein,* 214 Ariz. 205, 208–09, ¶¶ 10–15, 150 P.3d 778, 781–82 (App.2007) (holding that the phrase "criminal

offense" in Article 2, Section 2.1(C) includes all violations of state criminal statutes). In answering this question, we are mindful that the Victims' Bill of Rights was adopted to "preserve and protect victims' rights … [t]o be free from intimidation, harassment, or abuse, throughout the criminal justice process," Article 2, Section 2.1(A)(1), and that "[t]he rights granted to victims are to 'be liberally construed.' " *Lynn v. Reinstein,* 205 Ariz. 186, 188, 68 P.3d 412, 414 (2003) (quoting A.R.S. § 13–4418 (2001)).

¶ 10 Charles argues that D.S. was not entitled to refuse a deposition under the Victims' Bill of Rights because the complaint did not identify a victim and her involvement in the incident was that of a "witness." However, not all persons entitled to invoke constitutional rights as victims need be named as victims in the charging document. For example, in *State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 909 P.2d 476 (App.1995), we held that a person whose vehicle was damaged by the defendant was the "victim" of the charged offense of driving while intoxicated and therefore, under the protections of the Victims' Bill of Rights, he was entitled to refuse a deposition. Similarly, although D.S. was not named as a victim in the complaint, she is entitled to be treated as the victim, that is, as the person against whom the criminal offense has been committed. Charles was charged with one count of interfering with judicial proceedings in violation of A.R.S. § 13–2810, which is designated as a *domestic violence offense* pursuant to A.R.S. § 13–3601(A)(1) when, among other circumstances, "[t]he relationship between the *victim* and the defendant is one of marriage or former marriage." (Emphasis added.) Thus, by reference to § 13–3601(A)(1), the offense of interference with judicial proceedings as charged requires the existence of a victim, in this instance D.S.

¶ 11 Charles nonetheless points out that the offense of interference with judicial proceedings makes criminal a broad range of behaviors related to court proceedings that do not require a "victim" *per se.*[4] However,

4. Section 13–2810(A) provides:
   A person commits interfering with judicial proceedings if such person knowingly:

1. Engages in disorderly, disrespectful or insolent behavior during the session of a court which directly tends to interrupt its proceed-

the fact that an individual may violate A.R.S. § 13–2810 without necessarily committing a criminal offense against a person in the sense contemplated by the Victims' Bill of Rights is irrelevant to D.S.'s status as a crime victim. Indeed, A.R.S. § 13–3602 specifically provides that a domestic-violence order of protection may be enforced by prosecution under A.R.S. § 13–2810(A)(2) for disobeying the lawful order of a court. *See* A.R.S. § 13–3602(N) ("A peace officer, with or without a warrant, may arrest a person if the peace officer has probable cause to believe that the person has violated § 13–2810 by disobeying or resisting an order that is issued ... pursuant to this section.").

¶ 12 Accordingly, we conclude that the protected party under a domestic-violence order of protection qualifies as a crime victim under the Victims' Bill of Rights when the person against whom the order of protection was issued is charged with interference with judicial proceedings by violating the order. Therefore, D.S. was entitled to refuse Charles' request for an interview and could not be compelled to submit to a deposition pursuant to Rule 15.3(a)(2).

## CONCLUSION

¶ 13 For the foregoing reasons, we affirm the superior court.

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and G. MURRAY SNOW, Judge.

ings or impairs the respect due to its authority; or

2. Disobeys or resists the lawful order, process or other mandate of a court; or

3. Refuses to be sworn or affirmed as a witness in any court proceeding; or

4. Publishes a false or grossly inaccurate report of a court proceeding; or

5. Refuses to serve as a juror unless exempted by law; or

6. Fails inexcusably to attend a trial at which he has been chosen to serve as a juror.