281 P.3d 1063

**STATE of Arizona, Plaintiff/Appellee,**

**v.**

**The Honorable Marianne T. BAYARDI, Judge of the Phoenix Municipal Court, Respondent Judge,**

**Joseph W. Fannin, Real Party in Interest/Appellant.**

**No. 1 CA–CV 11–0615.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 9, 2012.

---

Aaron J. Carreon–Ainsa, Phoenix City Prosecutor by Samuel K. Lesley, Assistant City Prosecutor, Phoenix, Attorneys for Plaintiff/Appellee.

Gallagher & Kennedy PA by Barry D. Mitchell, Flynn Patrick Carey, Phoenix, Attorneys for Real Party in Interest/Appellant.

City of Phoenix Public Defender's Office by Laurie A. Herman, Phoenix, Attorney for Amicus Curiae.

## OPINION

THUMMA, Judge.

¶ 1 Defendant Joseph W. Fannin is charged in municipal court with driving with an impermissible drug in his body in violation of Arizona Revised Statutes ("A.R.S.") section 28–1381(A)(3) (West 2012).[1] Fannin challenges the superior court's holding that A.R.S. § 28–1381(D) creates an affirmative defense requiring him to prove by a preponderance of the evidence that he was using the drug as prescribed by a medical practitioner. For the following reasons, we accept jurisdiction and deny relief.

---

**1.** Absent material revisions, we cite the current Westlaw version of applicable statutes.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The State has charged Fannin with two counts of driving under the influence. Count I, which is not at issue here, alleges Fannin drove while impaired to the slightest degree in violation of A.R.S. § 28–1381(A)(1). Count II, which is at issue here, alleges Fannin drove with an impermissible drug or its metabolite in his body in violation of A.R.S. § 28–1381(A)(3).

¶ 3 Under 28–1381(D), a defendant "is not guilty" of a 28–1381(A)(3) charge if the defendant was "using a drug, as prescribed by a medical practitioner." [2] Before the municipal court, Fannin argued 28–1381(D) establishes a justification defense requiring the State to prove beyond a reasonable doubt that he was not using prescription drugs as prescribed by a medical practitioner. Fannin submitted a jury instruction for Count II requiring the State to prove that "[t]he defendant was not taking the Methadone, Klonopin or Ritalin as prescribed by a licensed medical practitioner." The State objected, arguing 28–1381(D) is an affirmative defense requiring Fannin to prove by a preponderance of the evidence that he was using prescription drugs as prescribed.

¶ 4 The municipal court found 28–1381(D) is a justification defense and not an affirmative defense. The court found Fannin has the burden to make a prima facie showing that he was using prescription drugs as prescribed and, if such a showing is made, the State would have "the burden of proving beyond a reasonable doubt that [Fannin] did not take the medication in accordance with a valid prescription."

¶ 5 The State challenged the municipal court's ruling by filing a special action petition with the superior court. The superior court accepted jurisdiction and granted relief, holding 28–1381(D) is an affirmative defense. Fannin appeals from the superior court's decision.

## DISCUSSION

### I. Jurisdiction

■ ¶ 6 Our appellate jurisdiction is purely statutory. Ariz. Const. Art. VI § 9; *Hall Family Props., Ltd. v. Gosnell Dev. Corp.*, 185 Ariz. 382, 386, 916 P.2d 1098, 1102 (App.1995). If we decide a case beyond our statutory jurisdiction, the decision is of no force and effect. *State v. Avila*, 147 Ariz. 330, 334, 710 P.2d 440, 444 (1985). We have an independent duty to determine whether we have jurisdiction. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App.1997).

■ ¶ 7 Both parties summarily state that appellate jurisdiction is proper pursuant to A.R.S. §§ 12–2101(A)(1) & (4).[3] It is not clear, however, that we have appellate jurisdiction over the superior court's minute entry.[4] Without deciding that issue, we elect to exercise special action jurisdiction. It does not appear that either party has "an equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Moreover, the issue presented is of statewide impor-

---

**2.** "A person using a drug as prescribed by a medical practitioner licensed pursuant to title 32, chapter 7, 11, 13 or 17 is not guilty of violating subsection A, paragraph 3 of this section." A.R.S. § 28–1381(D).

**3.** Although the parties also cite Arizona Rules Of Procedure for Special Actions 8(a), that rule cannot expand appellate jurisdiction beyond any statutory grant. *See Avila*, 147 Ariz. at 334, 710 P.2d at 444.

**4.** No judgment was entered by the superior court. *See* A.R.S. §§ 12–2101(A)(1) (authorizing appeal "[f]rom a final judgment entered in a[] ... special proceeding commenced in a superior court"); (A)(4) (authorizing appeal from final order "after judgment"). The superior court's minute entry discusses what should happen at trial "if [Fannin] chooses to use the defense provided" in 28–1381(D), but does not finally decide the case or any claim or defense. Accordingly, it is unclear whether the minute entry is an appealable "final order affecting a substantial right made in a special proceeding." A.R.S. § 12–2101(A)(4); *see also In re Approximately $50,000.00 In U.S. Currency*, 196 Ariz. 626, 628, ¶ 5, 2 P.3d 1271, 1273 (App.2000) (construing predecessor statute; noting "final order is one that disposes of the case, leaving no question open for the court's determination") (citing *McAlister v. Citibank (Arizona)*, 171 Ariz. 207, 829 P.2d 1253 (1992)). Finally, even after entry of judgment by the municipal court, neither party would have an appeal to this court as of right. A.R.S. § 22–375(A).

tance and has yet to be resolved in any appellate decision. *See State ex rel. Romley v. Martin*, 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App.2002); *see also Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35, 36 P.3d 749, 759 (App.2001) (after finding appellate jurisdiction lacking, court *sua sponte* accepted special action jurisdiction).[5] Accordingly, in our discretion, we exercise special action jurisdiction. *See* A.R.S. § 12–120.21(A)(4); Ariz. R.P. Spec. Act. 1(a).

## II. Statutory Construction

### a. Statutory Overview

¶ 8 It a misdemeanor "for a person to drive or be in actual physical control of a vehicle ... [w]hile there is any drug defined in [A.R.S.] § 13–3401 or its metabolite in the person's body." A.R.S. § 28–1381(A)(3). Actual impairment is not required; driving with any detectible amount of any prohibited drug or its metabolite in the driver's body is a violation. *Id.; see also State v. Hammonds*, 192 Ariz. 528, 530–32, 968 P.2d 601, 603–05 (App.1998) (describing scope and purpose of statutory predecessor); *State v. Phillips*, 178 Ariz. 368, 370–72, 873 P.2d 706, 708–10 (App. 1994) (same).

¶ 9 "Any drug" includes dozens of substances in three categories, ranging from methamphetamine to prescription drugs. *See* A.R.S. §§ 13–3401(6) ("Dangerous drug[s]"); (20) ("Narcotic drugs") and (28) ("Prescription-only drug[s]"). The State need not show use of illegal drugs or abuse of prescription drugs to prove a violation. *See* A.R.S. § 28–1381(A)(3). Guilt may be established by proving "any drug" listed in 13–3401 or its metabolite was in a driver's body.

¶ 10 Section 28–1381(D) provides a narrow safe harbor for a defendant charged with violating 28–1381(A)(3). "A person using a drug as prescribed by a medical practitioner licensed pursuant to [A.R.S. T]itle 32, [C]hapter 7 [podiatrist], 11 [dentist], 13 [medical doctor] or 17 [osteopath] is not guilty of violating" 28–1381(A)(3). A.R.S. § 28–1381(D). We are asked to decide whether 28–1381(D) is an affirmative defense, a justification defense or a defense that denies an element of the charge or responsibility.

¶ 11 Fannin argues 28–1381(D) is a defense denying an element of the charge or responsibility as well as a justification defense or "akin to a justification" defense. Accordingly, Fannin claims the State has the burden to prove "beyond a reasonable doubt that the defendant did not act with justification." A.R.S. § 13–205(A). The State argues 28–1381(D) is an affirmative defense, meaning Fannin has the burden to prove "by a preponderance of the evidence" that he did not abuse prescription drugs. *Id.* Applying a *de novo* standard of review, we hold the superior court properly found 28–1381(D) is an affirmative defense requiring a defendant to prove by a preponderance of the evidence that he or she did not abuse prescription drugs.

### b. Statutory Construction Principles

¶ 12 "Our primary goal in construing a statute is to determine and give effect to the intent of the legislature." *State v. Barraza*, 209 Ariz. 441, 444, ¶ 10, 104 P.3d 172, 175 (App.2005). We look first and foremost to the language of the statute as the best evidence of the legislature's intent, and we will ascribe the plain meaning to that language unless the context suggests otherwise. *See Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). "If ambiguity exists, we apply secondary principles of statutory construction and consider other relevant information, including the history, context, and spirit and purpose of the law, to glean legislative intent." *Vicari v. Lake Havasu City*, 222 Ariz. 218, 222, ¶ 13, 213 P.3d 367, 371 (App.2009) (citations omitted).

### c. Statutory Defenses Applicable to Criminal Charges

¶ 13 Defenses to criminal charges under Arizona law are statutory. A.R.S. § 13–103(A); *State v. Cotton*, 197 Ariz. 584, 587 n. 1, 5 P.3d 918, 921 n. 1 (App.2000) (noting 13–

---

**5.** The record indicates the City of Phoenix alone prosecuted nearly 650 charges under 28– 1381(A)(3) in the twelve months ending May 1, 2011, each of which could implicate 28–1381(D).

103 "abolish[ed] common law defenses"). Arizona's Criminal Code (A.R.S. Title 13) contains three types of defenses: (1) affirmative defenses (defenses "that attempt[] to excuse the criminal actions of the accused"); (2) justification defenses ("conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct"); and (3) defenses that deny an element of the charge or responsibility ("any defense that either denies an element of the offense charged or denies responsibility, including alibi, misidentification or lack of intent"). A.R.S. §§ 13–103(B), 205(A).[6] These three types of defenses are mutually exclusive. A.R.S. §§ 13–103(B) ("Affirmative defense does not include any justification defense ... or any defense that either denies an element of the offense charged or denies responsibility[.]"), 205(A) ("Justification defenses ... are not affirmative defenses."). Accordingly, if a defense does not deny an element or responsibility and is not a justification defense, it is an affirmative defense. A.R.S. § 13–103(B). Analysis of these defenses shows that 28–1381(D) is an affirmative defense.

#### i. Defenses Denying an Element or Responsibility

¶ 14 A defense "that either denies an element of the offense charged or denies responsibility, including alibi, misidentification or lack of intent," A.R.S. § 13–103(B), asserts the State has failed to prove an element of a charged offense by proof beyond a reasonable doubt. *See, e.g., State v. Rodriguez*, 192 Ariz. 58, 63, ¶ 25, 961 P.2d 1006, 1011 (1998) ("A defendant is not required to prove an alibi; rather, the jury must acquit a defendant if the alibi evidence raises a reasonable doubt about whether the defendant committed the crime."); *State v. Rutledge*,

205 Ariz. 7, 10, ¶ 11, 66 P.3d 50, 53 (2003) (similar for misidentification).[7] Fannin does not argue here that 28–1381(D) constitutes an element of an offense under 28–1381(A)(3). Nor does the language of 28–1381(D) negate an element of such a charged offense. *See* Recommended Arizona Jury Instructions (Criminal) Statutory Instruction 28.1381(A)(3) (3d ed. 2010). Because successful invocation of 28–1381(D) does not turn on whether the State has proven the elements of a 28–1381(A)(3) charge beyond a reasonable doubt, we conclude 28–1381(D) is not a defense denying an element or responsibility within the meaning of A.R.S. § 13–103.

#### ii. Justification Defenses

¶ 15 "Justification defenses describe conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct." A.R.S § 13–205(A). Fannin first argues the "is not guilty" language in 28–1381(D) shows the provision is a justification defense or "akin to a justification defense." We disagree. When asserted successfully, each of the three types of defenses in the Criminal Code result in a "not guilty" verdict. Accordingly, the "is not guilty" language merely describes the result that can be obtained, not the type of defense 28–1381(D) represents.

¶ 16 Prior to 2006, the burden and standard of proof for justification and affirmative defenses were identical: "[e]xcept as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense under [C]hapter 4 of" Title 13. A.R.S. § 13–205(A) (2005). In 2006, the legislature amended this provision to provide that, for those justification defenses, the State must prove beyond a reasonable doubt

---

**6.** We reject Fannin's contention that justification defenses and defenses that deny an essential element or responsibility are one type of defense, not two. By statute, these defenses are separated by the disjunctive "or," meaning they are two separate types of defenses. A.R.S. § 13–103(B).

**7.** The "denies responsibility" examples in 13–103(B) are not exclusive. Lack of a "voluntary act" and "mere presence" are other potential defenses denying responsibility. *See* A.R.S.

§ 13–201 (proof of "voluntary act" is a "minimum requirement for criminal liability"); *State v. Noriega*, 187 Ariz. 282, 284–87, 928 P.2d 706, 708–11 (App.1996) (discussing "mere presence doctrine"). Each of these "denies responsibility" defenses asserts the State failed to prove a required element of a charged offense by proof beyond a reasonable doubt, not (as Fannin argues) that a defendant simply is not responsible for his or her actions.

that the defendant did not act with justification. *See* 2006 Reg. Sess. S.B. 1145 (currently codified at A.R.S. § 13–205(A)). In doing so, the legislature did not designate 28–1381(D) a justification defense. *See* Final Amended Ariz. Sen. F. Sheet, 2006 Reg. Sess. S.B. 1145 (discussing justification defenses under Chapter 4 of Title 13, which do not contain or refer to 28–1381(D)).

¶ 17 Although Fannin relies on comments made to lawmakers by a non-legislator when 28–1381(D) was amended in 2009, such statements are of little value. *See Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 269–70, 872 P.2d 668, 673–74 (1994) ("When seeking to ascertain the intent of legislators, courts normally give little or no weight to comments made at committee hearings by nonlegislators."); *see also Sempre Ltd. P'ship v. Maricopa County*, 225 Ariz. 106, 111, ¶¶ 20–22, 235 P.3d 259, 264 (App.2010) (citing *Hayes* ).[8] The 2009 amendment added the word "as" so that 28–1381(D) begins "A person using a drug, *as* prescribed . . ." 2009 1st Reg. Sess. S.B. 1003 Ch. 124. The non-legislator's statement, as reflected in Senate minutes, supports Fannin's argument that the State has the burden to prove a driver was not using prescription drugs as prescribed for a 28–1381(A)(3) charge. There is, however, no indication the statement was adopted by the Senate, let alone the House of Representatives and the Governor. Even more critically, the 2009 amendment did not designate 28–1381(D) a justification defense.

¶ 18 The Criminal Code indicates justification defenses are limited to those listed in Chapter 4 of Title 13. *See, e.g.*, A.R.S. §§ 13–103(B) (referencing "any justification defense pursuant to [C]hapter 4"), 13–205(A) (similar). The justification defenses in Chapter 4 address duress, necessity and when a person is allowed to use force against another. *See* A.R.S. §§ 13–401 to –412. By contrast, 28–1381(D) offers an exception to being found guilty under 28–1381(A)(3) when a defendant takes medication as prescribed. Section 28–1381(D) is vastly different in focus

and scope than any of the Chapter 4 justification defenses in the Criminal Code.

¶ 19 Moreover, Chapter 4 justification defenses only apply to charges under the Criminal Code; they do not apply to the Title 28 charges Fannin is facing. *See State v. Fell*, 203 Ariz. 186, 189, ¶ 13, 52 P.3d 218, 221 (App.2002) ("[T]he legislature has not seen fit to extend [Chapter 4] justification defenses, including the necessity defense, to Title 28 offenses."). The parties do not cite, and we have not found, any Arizona case recognizing any justification defense outside of Chapter 4 of the Criminal Code or any justification defense applicable to any charge made outside of the Criminal Code. *See also id.* at 189, ¶ 12, 52 P.3d at 221 (noting defendant did "not cite, nor have we found, any Arizona case in which a justification defense has been used to defend against a non-Title 13 [Criminal Code] charge."). For these reasons, we conclude 28–1381(D) is not a justification defense.

### iii. Affirmative Defenses

¶ 20 An affirmative defense is "a defense that is offered and that attempts to excuse the criminal actions of the accused." A.R.S. § 13–103(B). On its face, 28–1381(D) excuses otherwise criminal conduct by a defendant. When the requisite facts are established, 28–1381(D) provides that a defendant who violates 28–1381(A)(3) is excused from that violation and found "not guilty." That is precisely what an affirmative defense does. See A.R.S. § 13–103(B).

¶ 21 Unlike justification defenses, affirmative defenses may be found outside of the Criminal Code. *See* A.R.S. § 13–103(A) (affirmative defenses may be contained in the Criminal Code "or under another statute or ordinance"). By this express statutory directive, affirmative defenses may apply to Title 28 offenses like the 28–1381(A)(3) charge Fannin is facing.

¶ 22 Finally, 28–1381(D) is an exception appearing in a different subsection than 28–1381(A)(3). A defendant "who relies upon

**8.** Fannin cites comments from this same non-legislator addressing 1992 amendments to 28–1381(D). Those statements were ambiguous at best, predate the 2006 amendments to 13–205 and are entitled to no weight. *Hayes,* 178 Ariz. at 269–70, 872 P.2d at 673–74.

an exception to a criminal statute made by a proviso or distinct clause has the burden of establishing and showing that she comes within the exception." *In re Appeal in Maricopa County Juvenile Action No. JT9065297,* 181 Ariz. 69, 82, 887 P.2d 599, 612 (App.1994) (citing cases); *see also State v. Jung,* 19 Ariz.App. 257, 262, 506 P.2d 648, 653 (1973) ("[T]he state is not required to [prove] negative statutory exceptions—such exception is a matter of defense where it is not an ingredient of the offense."); *accord Hammonds,* 192 Ariz. at 532, ¶ 12, 968 P.2d at 605 (noting, in dicta, statutory predecessor to 28–1381(D) "is an affirmative defense to a charge of driving with a drug or metabolite in the body."). For all of these reasons, we hold 28–1381(D) is an affirmative defense.

## CONCLUSION

¶ 23 Given the language of A.R.S. § 28–1381(D), the limited nature of justification defenses in Chapter 4 and the other relevant statutory definitions in the Criminal Code, we hold 28–1381(D) is an affirmative defense. The superior court properly found 28–1381(D) sets forth an affirmative defense, requiring Fannin to prove by a preponderance of the evidence that he used prescription drugs as prescribed by a licensed medical practitioner. Accordingly, although we accept jurisdiction, we deny relief.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge.

THOMPSON, Judge, concurring.

¶ 24 I agree with the majority's disposition on the merits. I write separately because I conclude that we have jurisdiction over this appeal.

¶ 25 The appeal is from the superior court's ruling on the State's special action. In *Larkin v. State ex. rel. Rottas,* 175 Ariz. 417, 430, 857 P.2d 1271, 1284 (App.1992) we gave res judicata effect to the denial of fee requests in connection with resolution of two separate special action petitions. Thus, we deemed the ruling on each special action as a final judgment in each action, treating the special action as separate from the tax matter from which it arose. *Id.* Similarly, here the State's special action is not part of the criminal prosecution which occasioned the jury instruction issue.

¶ 26 Rule 8(a) of the Arizona Rules of Procedure for Special Actions directs that the "decision of a Superior Court in a special action shall be reviewed by appeal where there is an equally plain, speedy, and adequate remedy by that means." Consistent with that Rule, I would hold that we have appellate jurisdiction here pursuant to A.R.S. § 12–2101(A)(1), as the parties assert.