CAMPBELL, Judge:
¶ 1 Phoenix City Prosecutor (the "City") appeals the superior court's decision affirming two rulings by the municipal court in favor of Real Party in Interest Claudette Craig. The City argues the superior court erred when it found that the anti-marital fact privilege applied to Craig's driving under the influence charges and when it granted Craig's motion to sever those charges from a criminal damage charge. We hold that the anti-marital fact privilege precludes testimony by one spouse against another regarding DUI charges and that severance of the criminal damage charge from the DUI charges was proper. Accordingly, we affirm.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 Craig was charged with three counts of driving under the influence of alcohol ("DUI"), Ariz. Rev. Stat. ("A.R.S.") §§ 28-1381(A)(1) (impaired to slightest degree), -1381(A)(2) (blood alcohol of .08 or more), -1382(A)(1) (extreme DUI), and one count of criminal damage, a domestic violence offense, A.R.S. §§ 13-1602, -2601(A). Before trial in the municipal court, Craig moved to preclude testimony and statements by her husband regarding the three DUI charges. See A.R.S. § 13-4062(A)(1) (anti-marital fact privilege). Craig also moved to sever the three DUI charges from the criminal damage charge.
¶ 3 The City responded that Craig's husband had called the police to say he was concerned that Craig had been drinking and might attempt to drive. The City claimed he parked one of the couple's vehicles behind the couple's van to prevent Craig from driving away in the van. It alleged that, Craig, intoxicated and undeterred by the car blocking her way, backed the van out, shoving the other car fifteen feet down the driveway. When the police arrived, Craig was not in a vehicle. An officer noted property damage to the van consisting of a small dent and some scratches on the rear bumper and a large dent on the front bumper of the other vehicle. The City argued that the exception to the anti-marital fact privilege for crimes committed by a wife against her husband found in A.R.S. § 13-4062(1) applied to the DUI charges as well as the criminal damage charge. The municipal court disagreed, severed the criminal damage count from the DUI counts and precluded Craig's husband from testifying in the DUI trial.
¶ 4 The City filed a petition for special action. The superior court accepted jurisdiction but denied relief to the City. The City appealed to this court.[1]
DISCUSSION
¶ 5 Craig argues that this court has jurisdiction under A.R.S. § 12-2101(A)(1). Section 12-2101(A)(1) confers "appellate jurisdiction *1084 over the superior court's final judgment in a special action." State v. Chopra , 241 Ariz. 353, 355, ¶ 8, 387 P.3d 1282, 1284 (App. 2016). The superior court's ruling, however, does not appear to be a final judgment within the meaning of A.R.S. § 12-2101(A)(1). See State v. Bayardi , 230 Ariz. 195, 197 n. 4, ¶ 7, 281 P.3d 1063, 1065 (App. 2012). We need not decide this issue here. This appeal raises an issue of first impression, see State ex rel. Romley v. Martin , 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App. 2002), and there is no equally plain, speedy, and adequate remedy by appeal, see Ariz. R.P. Spec. Act. 1(a). We therefore elect to exercise special action jurisdiction. See Bayardi , 230 Ariz. at 197, ¶ 7, 281 P.3d at 1065 (court sua sponte accepted special action jurisdiction).
¶ 6 Accordingly, we review the superior court's ruling on the applicability of the anti-marital fact privilege for an abuse of discretion. State v. Whitaker , 112 Ariz. 537, 542, 544 P.2d 219, 224 (1975). We review the interpretation and application of statutes de novo. See State v. Boyston , 231 Ariz. 539, 543, ¶ 14, 298 P.3d 887, 892-93 (2013). The anti-marital fact privilege provides, in part, that a wife may prevent her spouse from testifying for or against her regarding any "events occurring during marriage." A.R.S. § 13-4062(1). The anti-marital fact privilege does not apply, however, in "a criminal action or proceeding for a crime committed by the husband against the wife, or by a wife against the husband." A.R.S. § 13-4062(1).[2] Craig does not dispute that her husband can testify about the criminal damage claim because he is a co-owner of the car, and the crime therefore, allegedly was committed "against" him. Craig, however, argues that the criminal damage charge is the only charge to which the exception to the anti-marital fact privilege applies and such testimony should be precluded for the other charged offenses pursuant to the privilege.
¶ 7 The legislative purpose of the privilege is "to support the peace and tranquility of families and to protect the marital relation[ship]." Whitaker , 112 Ariz. at 540, 544 P.2d at 222. This means that "whether the marital privilege should be recognized and under what circumstances ... involves a determination of the rights and status which flow from the institution of marriage." State v. Williams , 133 Ariz. 220, 232, 650 P.2d 1202, 1214 (1982). As our supreme court has recognized, the Arizona Legislature has "made it clear that it places paramount importance on the marital relationship and believes the privilege is necessary to protect that relationship from the strain which would be placed upon it if spouses were allowed to testify against each other." Williams , 133 Ariz. at 232, 650 P.2d at 1214 ; see also State v. Watkins , 126 Ariz. 293, 298, 614 P.2d 835, 840 (1980) ("The anti-marital fact privilege exists by virtue of legislative fiat, as a matter of policy to protect certain interests" involved in the marital relationship.).
¶ 8 In construing the privilege in a predecessor statute, our supreme court concluded the exception allows "testimony in all cases in which the crime committed [s]o closely touches or affects the other spouse as to render the reason for the rule-promotion of marital peace and apprehension of marital dissension-inapplicable." State v. Crow , 104 Ariz. 579, 585, 457 P.2d 256, 262 (1969), overruled on other grounds by State v. Burchett , 107 Ariz. 185, 484 P.2d 181 (1971). Therefore, in determining whether a crime is a crime committed by one spouse against another, we look to whether the crime "places a strain on the marriage relationship." State v. Salazar , 146 Ariz. 547, 550, 707 P.2d 951, 954(App. 1985) (citing Crow , 104 Ariz. 579, 457 P.2d 256, and Williams , 133 Ariz. 220, 650 P.2d 1202 ). The exception does not require that the other spouse be the actual "victim" of the defendant-spouse's offense. While in some cases it is clear that the spouse is the victim, such as murder or assault, there are others when the victim-spouse suffered no physical injury, but the court found the exception to the privilege still applied. See Crow , 104 Ariz. at 586, 457 P.2d at 263 (husband murdered wife's brother and father, thereby effectively ending the marriage; no error in permitting wife to testify as to the first degree murder charges in addition to assault charge against *1085 her when spouses had agreed to terminate marriage and husband committed offenses when the brother and father accompanied the wife to husband's home to pick up her belongings); Whitaker , 112 Ariz. at 539-42, 544 P.2d at 221-24 (husband was convicted of assault with a deadly weapon for shooting into estranged wife's apartment and exchanging gunfire with wife's live-in boyfriend; trial court did not err in finding the exception to the anti-marital fact privilege applied because estranged husband endangered his wife and daughter by shooting into their apartment while they were inside).
¶ 9 The City argues that under Salazar , the exception for crimes committed by a wife against her husband applies to the DUI charges here. Salazar , however, is distinguishable. Salazar considered whether the crime of endangerment, which included reckless conduct, constituted a crime committed by a husband against his wife under A.R.S. § 13-4062(1). 146 Ariz. at 550, 707 P.2d at 954. The court found that "having an accident driving while intoxicated on a city street at 55 miles per hour with one's spouse as a passenger is a crime which most certainly places a strain on the marriage relationship, the test discussed by our supreme court in State v. Crow. " Id . Further, endangerment necessarily requires a defendant to place another, in that case the spouse, in substantial risk of imminent death or physical injury. See A.R.S. § 13-1201(A) ("A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury."). Here, unlike in Salazar , there is no allegation that the DUI posed any physical threat to Craig's husband. And although the defendant in Salazar was also charged with a DUI, the issue of whether the DUI offense fell within the exception to the anti-marital fact privilege was not before the court. 146 Ariz. at 550, 707 P.2d at 954.
¶ 10 The City next argues, citing Salazar , that if the exception to the anti-marital fact privilege applies to one charge, it applies to all charges when the charges arise out of the same course of conduct.[3] Contrary to the City's argument, Salazar did not hold that if the exception applies to one charge, it applies to all of the others.
¶ 11 The City then argues that Arizona's Victims' Bill of Rights, Ariz. Const. art. 2, § 2.1, and its statutory counterpart, A.R.S. §§ 13-4401 to -4442, (collectively, the "VBR") make Craig's husband a "victim" of the DUI charges because he is a "victim" under A.R.S. § 13-4401(19). Section 13-4401(19) defines "victim," for purposes of the VBR, in part as "a person against whom the criminal offense has been committed." See State ex rel. Romley v. Superior Court , 184 Ariz. 409, 411, 909 P.2d 476, 478 (App. 1995).
¶ 12 A central purpose of the VBR is to grant rights to crime victims in an effort to promote the "respect, protection, participation and healing of their ordeals." State ex rel. Thomas v. Klein , 214 Ariz. 205, 207, ¶ 7, 150 P.3d 778, 780 (App. 2007). To this end, the VBR confers a broad range of rights on crime victims, including "the right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Id. ; Ariz. Const. art. 2 § 2.1 (A)(5); A.R.S. § 13-4433. As such, the purpose of the anti-marital fact privilege is fundamentally different from the purpose of the VBR: the purpose of the privilege is to protect the marital relationship, whereas, the purpose of the VBR is to protect the victim.
¶ 13 The City does not cite to any legal authority holding that a determination that when a spouse is a "victim" under A.R.S. § 13-4401(19), the marital privilege is automatically forfeited pursuant to the exception for crimes committed by one spouse against another. The City cites only Romley , 184 Ariz. 409, 909 P.2d 476, arguing that because *1086 the "victim" of the DUI offense was shielded from the defendant's deposition requests under the VBR, the exception for crimes committed by one spouse against another applies here. Romley is distinguishable on its facts. The defendant there was charged with a felony aggravated DUI after colliding with another car and damaging the other car, but not injuring its driver. Id. at 410, 909 P.2d at 477. The driver of the other car sought to assert his rights not to be deposed under the VBR. Id. ; see A.R.S. § 13-4401(18). This court concluded that the DUI was "committed against" the driver, rendering him a victim under the VBR, even though he sustained no injury. Id . at 411, 909 P.2d at 478. The court relied in part on the definition of "criminal offense" in A.R.S. § 13-4401(6), which at the time included conduct that established "probable cause to believe that a felony or that a misdemeanor involving physical injury [or] the threat of physical injury ... ha[d] occurred." Id . ; 1996 Ariz. Sess. Laws, ch. 158, § 17 (1st Reg. Sess.). Thus, the defendant could not compel the driver (victim) to submit to a deposition pre-trial. Romley , 184 Ariz. at 411, 909 P.2d at 478. Here, the City is attempting to compel Craig's husband to provide testimony at trial in direct conflict with the anti-marital fact privilege. Romley provides no support for the City's contention that such compelled testimony falls within the purview of the VBR.
¶ 14 Further, the statutory anti-marital fact privilege and this exception pre-date the VBR by decades and were adopted from the common law which predates the VBR even further. See Crow , 104 Ariz. at 583, 457 P.2d at 260 (citation omitted). Nothing in the VBR suggests that the voters or the legislature intended the VBR to apply to the exception to the privilege for crimes committed by one spouse against the other. The focus of the VBR is on victims, a term not found in the exception, which only applies between spouses.
¶ 15 Even if we were to apply Romley's "threat of physical injury" standard, the City does not argue that when Craig backed the van out of the driveway, she threatened physical harm to her husband. The "victim" in Romley was at risk because he was the driver of the car hit by the defendant. Nothing in our record suggests that Craig's husband was likewise at risk when Craig backed the van down the couple's driveway.[4]
¶ 16 The City also fails to recognize that, generally speaking, a DUI may be a "victimless" crime for all but VBR purposes. See State v. Olquin , 216 Ariz. 250, 254, ¶ 22, 165 P.3d 228, 232 (App. 2007) (observing that a DUI is considered a victimless crime because it can be committed absent involvement of any other person); State v. Sorkhabi , 202 Ariz. 450, 453, ¶ 11, 46 P.3d 1071, 1074 (App. 2002) (a "victimless crime" is "a crime which generally involves only the criminal, and which has no direct victim"); Weston v. State , 49 Ariz. 183, 186, 65 P.2d 652 (1937) (noting DUI legislation enacted because "driving an automobile under these circumstances is such a menace to public safety").
¶ 17 The City next argues that if the anti-marital fact privilege does not apply to the DUI charges, the superior court erred in granting Craig's motion to sever. We review a ruling on a motion to sever for an abuse of discretion. State v. Garland , 191 Ariz. 213, 216, ¶ 9, 953 P.2d 1266, 1269 (App. 1998). Arizona Rule of Criminal Procedure 13.4(a) directs the court to sever counts "if necessary to promote a fair determination of any defendant's guilt or innocence of any offense." Here the court, exercising its discretion, severed the single count to which the exception applied from counts to which it did not. Allowing a jury to hear otherwise privileged testimony from the defendant's husband might well prejudice the jury on the DUI counts. Because we conclude that the municipal court did not abuse its discretion in finding the anti-marital fact privilege applied to the DUI charges, we find that the court *1087 did not abuse its discretion in granting Craig's motion to sever. Cf. Crow , 104 Ariz. at 586, 457 P.2d at 263.
CONCLUSION
¶ 18 We affirm the superior court's decision and lift the stay previously entered by this court on April 7, 2017.

The City filed a transcript of the hearing as an appendix to its opening brief, but did not file it as part of the record on appeal. Therefore, we do not consider it. See ARCAP 11(a), 11.1(d).

The statute contains additional exceptions not at issue in this appeal.

The City raises an additional argument in its reply brief, claiming that the superior court erred because Craig's husband will be permitted to testify in the criminal damage charge and therefore "[t]he policy reason[s] for the anti-marital privilege do[ ] not exist in this case." This argument is not properly before us and is waived. Nelson v. Rice , 198 Ariz. 563, 567 n.3, ¶ 11, 12 P.3d 238, 242 n.3 (App. 2000) (failure to raise argument in opening brief waives argument on appeal). Moreover, the trial court has the discretion to sever a charge on which testimony cannot be compelled from charges in which it can be compelled. See Ariz. R. Crim. P. 13.4(a).

The City also argues that the exception applies because Craig's husband is a "victim" under State v. Superior Court (Moore) , 188 Ariz. 372, 936 P.2d 558 (App. 1997). There, the court held that a crime perpetrated by one spouse upon another occurs when jointly owned property is damaged by one spouse to the detriment of the other. Id . at 373, 936 P.2d at 559. As previously addressed, the parties here do not contest that Craig's husband may be compelled to testify about the criminal damage charge.